IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS. WR-74,743-01 & 74,743-02





EX PARTE LE JAMES NORMAN





ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 06-1-7346 IN THE 24TH DISTRICT COURT


JACKSON COUNTY





 Per Curiam. 


O R D E R



 In December 2008, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Norman v. State, No. AP-76,063 (Tex.
Crim. App. February 16, 2011) (not designated for publication).

 Applicant presents seven allegations in his application in which he challenges the
validity of his conviction and resulting sentence. In an order dated August 24, 2011, we
remanded this cause to the trial court for further consideration of Allegation G, in which
applicant claimed, "he was denied a fair trial when the State offered misleading, inaccurate
and perjurious testimony of A. P. Merillat." While the trial court addressed one complained-of instance of allegedly "misleading, inaccurate and perjurious testimony," the trial court's
findings did not address other examples contained in an affidavit that was attached as an
exhibit to the habeas application. Upon remand, the trial court found that "[b]ased upon the
affidavits of Frank AuBuchon and A. P. Merillat . . . A. P. Merillat did not lie to the jury nor
mislead the jury in any way."

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial court's original findings and conclusions, as well as the trial court's
findings and conclusions on remand. Further, the allegation of ineffective assistance of
counsel contained in Allegation E is without merit because applicant has failed to
demonstrate deficient performance and prejudice. See Strickland v. Washington, 466 U.S.
668 (1984). Based upon the trial court's findings and conclusions and our own review, relief
is denied.

 Applicant additionally filed a subsequent application with the trial court on March 31,
2012. We have reviewed the application and find that the allegations do not satisfy the
requirements of Article 11.071, Section 5. Therefore, we dismiss this application as an abuse
of the writ.

 IT IS SO ORDERED THIS THE 22ND DAY OF AUGUST, 2012.

Do Not Publish